UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO LEO MILLETE and JUDITH I MILLETE,<br><br>Plaintiffs,<br><br>v.<br><br>CHULA VISTA POLICE DEPARTMENT; CITY OF CHULA VISTA; and DOES 1–100,<br><br>Defendants. | Case No.: 22-cv-1343-WQH-BJC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the *Ex Parte* Request to be Relieved as Counsel and Request for Order to Extend the Deadlines on the Current Order (ECF No. 37) filed by counsel for Plaintiffs Benito Leo Millete and Judith I. Millete (collectively, "Plaintiffs"), Bonita P. Martinez ("Plaintiffs' Counsel").

**I.   REQUEST TO WITHDRAW AS COUNSEL**

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Urias v. Labcorp Peri-Approval & Commercialization Inc.*, No. 23-CV-1815 JLS (MSB), 2023 WL 8845384, at *1 (S.D. Cal. Dec. 21, 2023) (citation omitted); *see also United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); S.D. Cal. Civ. L.R. 83.3(f)(3)

(requiring that a notice of motion to withdraw as attorney of record be served on the adverse party and on the moving attorney's client, along with a declaration of service).

> In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted).

Plaintiffs' Counsel asserts in the Motion that "[t]here has been an irreconcilable breakdown in the attorney-client relationship." (ECF No. 37 at 1.) Plaintiffs' Counsel explains that she has "contacted and provided the plaintiffs with a Substitution of Attorney to sign multiple times, but there has been no response in regards to the Substitution." *Id.* at 1–2. Plaintiffs' Counsel requests the Court relieve her as counsel "[d]ue to the hostile and irreconcilable breakdown in the attorney-client relationship" and the "lack of response and cooperation from the clients." *Id.* at 2.

Defendants Chula Vista Police Department ("CVPD") and City of Chula Vista ("City") (collectively, the "City Defendants") filed a "Notice of Non-Opposition to the Declaration of Bonita P. Martinez's and Plaintiffs' Ex Parte Request to be Relieved a[s] Counsel." (ECF No. 38.) The City Defendants request the Court order Plaintiffs "to provide their current contact information or the contact information of their counsel of record within five (5) days of any order relieving [Plaintiffs' Counsel] as Plaintiffs' counsel of record." *Id.* at 1–2.

The Court finds that good cause exists to grant withdrawal. Plaintiffs' Counsel's *Ex Parte* Request to be Relieved as Counsel is granted.

## II.     REQUEST TO EXTEND DEADLINES IN THE COURT'S PRIOR ORDER

The *Ex Parte* Motion also requests that the Court "extend the deadlines on the [Court's prior Order], to provide plaintiffs sufficient time to find new representation and/or plan their new course of action." (ECF No. 37 at 2.)

In the Court's prior Order issued on September 25, 2024 (the "September 25th Order") (ECF No. 35), the Court granted in part and denied in part the City Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint and Claims Therein Under Rule 12(b)(6) and Motion to Strike Portions of Plaintiffs' First Amended Complaint Under Rule 12(f) (ECF No. 31). In relevant part, the September 25th Order denied the Motion to Dismiss Plaintiffs' Fourth Amendment claim against the Doe Defendants,[1] and stated:

> Plaintiffs shall expeditiously identify the Doe Defendants and move to amend the [Third Amended Complaint] to properly name those Defendants and adequately allege the personal participation of each named Defendant in the alleged Fourth Amendment violations. CVPD and City, and their counsel, shall cooperate with all appropriate discovery requests from Plaintiffs aimed at identifying the Doe Defendants who are alleged to have been employed by CVPD and City. Plaintiffs are cautioned that if, after an opportunity to conduct discovery, Plaintiffs continue to fail to identify the Doe Defendants and adequately allege the personal participation of each named Defendant in the alleged legal violations, the [Third Amended Complaint] will be dismissed in its entirety. No later than sixty (60) days after the date this Order is filed, Plaintiffs shall either (a) file a motion for leave to amend the [Third Amended Complaint], accompanied by a proposed amended complaint identifying the Doe Defendants, or (b) file a status report showing cause why Plaintiffs have failed to file a motion for leave to amend the [Third Amended Complaint].

(ECF No. 35 at 17.)

The Court vacates the 60-day deadline set in the September 25th Order. The Court will reset the deadline for Plaintiffs to comply with the September 25th Order after Plaintiffs file the notice with the Court that is required by this Order.

/ / /
/ / /
/ / /
/ / /

---

[1] However, the Court dismissed without prejudice Plaintiffs' § 1983 claims against Doe Defendant number 3, who Plaintiffs alleged to be the Chief of the CVPD. (*See* ECF No. 35 at 17.)

## III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Counsel's *Ex Parte* Request to be Relieved as Counsel and Request for Order to Extend the Deadlines on the Current Order (ECF No. 37) is granted. Plaintiffs' Counsel is withdrawn as counsel of record in this action.

IT IS FURTHER ORDERED that, no later than seven (7) days from the entry of this Order, Plaintiffs' Counsel shall file a certificate of service indicating that she has served Plaintiffs with copies of this Order and the September 25th Order.

IT IS FURTHER ORDERED that, no later than twenty-one (21) days from the entry of this Order, Plaintiffs shall file a notice with the Court that indicates: (1) Plaintiffs' current mailing address; and (2) whether Plaintiffs will be proceeding pro se or obtaining counsel to represent them in this action. Plaintiffs are cautioned that failing to respond to this Order may result in dismissal of this action without prejudice for failure to prosecute and failure to comply with the Court's Order.

IT IS FURTHER ORDERED that the deadline for Plaintiffs to comply with the Court's September 25th Order is vacated. The deadline will be reset after Plaintiffs file the notice required by this Order.

Dated: October 22, 2024

Hon. William Q. Hayes
United States District Court